UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-288 (JNE)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRADLEY HANS RATGEN,

        Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the following reasons, the United States recommends that Defendant Bradley Hans Ratgen receive a Guidelines range sentence. The United States believes that such a sentence is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

**I.   Relevant Facts**

**A. Offense Conduct**

On October 25, 2022, the government filed a one-count Information charging Ratgen with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Ratgen pled guilty as charged on November 17, 2022. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 18).

Ratgen was an attorney that participated in a scheme to defraud automobile insurers through the fraudulent operation of chiropractic clinics and the fraudulent submission of insurance claims.

Ratgen was admitted to practice law in Minnesota. His legal practice focused primarily on personal injury claims for individuals who had been in car accidents.

However, beginning in 2015, and continuing through December 2021, Ratgen participated in a fraud scheme to defraud automobile insurance policy providers. Ratgen conspired with chiropractors and runners to carry out his scheme. The runners identified and recruited car accident patients. The runners brought those patients to see a chiropractor to obtain treatment, and to Ratgen to provide legal services. Ratgen's arrangement was to pay a runner $300 for each recruited patient with a "good case"—that is someone who incurred injuries, was not at fault, and attended a certain amount of chiropractor appointments.

Ratgen, as an attorney, knew that Minnesota law prohibited paying a runner to recruit patients to receive chiropractic care funded by automobile insurance, and that automobile insurers had no obligation to pay claims of injured persons who had been recruited by runners. Ratgen also knew that runners pay patients a portion of their kickback in an effort to keep the patients treating with a chiropractor.

In total, Ratgen is responsible for $59,482.68 in intended loss and $22,748.18 in actual loss.

**B. Defendant's Criminal History**

Ratgen has no criminal history, corresponding to a criminal history category I.

**C. Defendant's Personal History**

Ratgen had, by all accounts, a normal and stable upbringing. He was born in Willmar, Minnesota and raised in the Twin Cities. Ratgen decided in high school that he wanted to pursue a career as a lawyer and ultimately attended and graduated law

school. Ratgen is married and had give children. Ratgen is an involved and supportive father and husband.

## II. Argument

### A. Legal Background

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### B. The Presentence Investigation and Guidelines Calculations

The United States has reviewed the PSR prepared by the U.S. Probation Office. The United States did not object to the PSR. The PSR conclude that total offense level is 12 and the criminal history category is I. Based on this, the Guidelines range for term of imprisonment 10 to 16 months.

3

### C. The Appropriate Sentence

A careful consideration of the Section 3553(a) factors warrants a sentence at the high end of the Guidelines range.

#### 1. The Nature and Circumstances of the Offense.

Ratgen conduct was unquestionably serious and warrants a significant sentence. He used his position as a lawyer to perpetrate a fraud. Ratgen, by using his status as a lawyer to commit fraud, eroded the public trust that people have in lawyers and the legal system. He was duty bound to uphold the law and promote justice. Instead, he flaunted that role and used his skill and expertise as a lawyer to perpetrate the fraud.

Ratgen played a critical role in the fraud scheme targeting Minnesota automobile insurance policies. In the end, Minnesotans end up paying more for automobile insurance policies as a result of fraud schemes like the one in which Ratgen participated because (1) chiropractors, diagnostic imaging centers, and pain management centers who pay runners and patients need to recoup those payments in their billings to insurance companies, (2) patients seek treatment not because they need it but because they are getting paid to treat and are being promised that more treatment will result in a bigger settlement, (3) individuals who learn about such improper incentives sometimes stage fake accidents in order to get paid to treat and to obtain a bodily injury settlement from an insurance company.

#### 2. The History and Characteristics of the Defendant.

Nothing in Ratgen's past suggested that he would end up where he is. He is smart and educated. He attended college and law school. He built a successful legal

4

practice. In many respects, Ratgen had everything going for him and risked that all to commit the fraud that he is now convicted of.

      3.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence</u>

In light of the seriousness of the offense, Ratgen requires a significant sentence that will serve as general deterrence to those considering committing a similar fraud. General deterrence is also necessary to demonstrate the importance of laws that prohibit fraud, particularly when an attorney is using his position to perpetuate the fraud. *See Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) ("Congress specifically made general deterrence an appropriate consideration . . . and [the Eighth Circuit has] described it as 'one of the key purposes of sentencing.'") Ratgen and others are more likely to be deterred from committing fraud if they learn they will pay a stiff price for it. A significant sentence will promote respect for the law and reflect the serious consequences of committing fraud.

A Guidelines sentence of imprisonment will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence.

### III.     Conclusion

For all the above reasons, the United States respectfully requests that the Court impose a sentence at the high end of Guidelines.

Respectfully submitted,

Dated:  February 28, 2023

ANDREW M. LUGER
United States Attorney

/s/ *Harry M. Jacobs*

BY:  HARRY M. JACOBS
Assistant U.S. Attorney