UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 0:22-cr-00288 (JNE) |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING REPLY MEMORANDUM** |
| Bradley Hans Ratgen, | |
| Defendant. | |

## INTRODUCTION

Mr. Ratgen's sentencing position requested that the Court vary downward from the 10-16 month guideline sentence in this case and impose a sentence of eight-months home confinement. Recent developments support that request. On April 27, 2023, the United States Sentencing Commission promulgated an amendment to the guidelines that provides a 2-level reduction to the offense level of defendants with zero criminal history points. Mr. Ratgen has a criminal history score of zero. While the amendment does not become operative until November 1, 2023, Mr. Ratgen respectfully requests that the Court vary downward and sentence him consistent with that provision, which would result in a guideline sentence of 6-12 months of probation, home confinement, or incarceration (or some mix of the three), consistent with Mr. Ratgen's original request. The government does not oppose a variance on these grounds provided Mr. Ratgen waives his right to seek any additional relief under the new amendment once it becomes operative.

1

Further, as the letters of support submitted with this Reply make clear, Mr. Ratgen is a kind and generous person who has accepted responsibility for his poor judgment, and a sentence of home confinement would allow him to support his family and provide care to his adult special-needs son while still atoning for his criminal conduct.  For all these reasons, and those provided in his Sentencing Position, Mr. Ratgen respectfully requests that the Court impose a sentence of eight-months home confinement.

## DISCUSSION

### I.     USSG § 4C1.1 SUPPORTS A DOWNWARD VARIANCE.

On April 27, 2023, the United States Sentencing Commission promulgated amendments to the Federal Sentencing Guidelines.  *See* "Amendments to the Sentencing Guidelines," April 27, 2023, filed as Exhibit A to this Reply Memorandum.  The amendments are set to become effective on November 1, 2023.  Among other things, the amendments include a new provision - § 4C1.1 – which provides a 2-level reduction to a defendant's offense level when the defendant has zero criminal history points.  Ex. A, pp 78-79; 87-88.

The rationales for this new guideline amendment are: (1) research confirms the low recidivism rate of zero-point offenders and the reduced need for carceral sentences to deter them, and (2) the amendment will encourage more consistent sentencing given the significant national departure and variance rate for zero-point offenders.  *See* Ex. A at 79.

Mr. Ratgen has a criminal history score of true zero, and thus he falls within the ambit of section 4C1.1.  Applying section 4C1.1 to Mr. Ratgen's guideline calculation would result in a reduction of Mr. Ratgen's offense level from 12 to 10, and a

corresponding reduction in his guideline sentence to 6-12 months.  *See* PSR, ECF 18 at 7, 15.  The reduced offense level would also move Mr. Ratgen from Zone C to Zone B of the Federal Sentencing Guidelines.  Zone B provides for guideline sentences of probation, home confinement, and/or incarceration.

Mr. Ratgen respectfully submits that a downward variance to his requested sentence of 8-months home confinement is warranted here pursuant to this newly promulgated provision.  Mr. Ratgen's counsel has conferred with counsel for the government, which does not object to a downward variance on the basis of this newly promulgated guideline amendment, on the condition that Mr. Ratgen waive any right to seek relief under the new provision when it takes effect in November.

**II.  THE LETTERS OF SUPPORT SUBMITTED ON MR. RATGEN'S BEHALF SUPPORT A DOWNWARD VARIANCE.**

Mr. Ratgen has filed letters of support in conjunction with this Reply.  They come from a wide range of Mr. Ratgen's family and community of friends, colleagues, and employees.  Collectively, they show that while Mr. Ratgen made a terrible mistake in judgment with respect to the conduct for which he pleaded guilty, there is much more to Mr. Ratgen than this crime.  He is a devoted husband and father.  He works hard to support his wife and children.  He is kind and generous both financially and with his time, lending a hand wherever he can at home, at work, or in the community, and patiently mentors those with whom he works.  Perhaps most significantly for this proceeding, the letters discuss the importance of Mr. Ratgen's presence as a parent and caregiver to his special-needs son.  As discussed in Mr. Ratgen's sentencing position and confirmed by these letters, a

substantial sentence of home confinement will allow Mr. Ratgen to continue to provide care to his son while serving the punitive and deterrent purposes of sentencing as set forth in Section 3553.

## CONCLUSION

For the above-stated reasons, Defendant respectfully requests the Court impose a sentence of eight months home confinement.

Respectfully submitted,

Dated: May 2, 2023

s/ Kevin C. Riach
Kevin C. Riach (#0389277)
**THE LAW OFFICE OF KEVIN C. RIACH**
125 SE Main Street, Suite 339
Minneapolis, MN 55402-1425
Telephone: (612) 203-8555
Email: kevin@riachdefense.com

**ATTORNEY FOR DEFENDANT**